**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VILLAKE, L.L.C.,<br><br>                              Plaintiff,<br><br>v.<br><br>CIBA INSURANCE SERVICES,<br>LEXINGTON INSURANCE COMPANY,<br>and COMMERICAL INDUSTRIAL<br>BUILDING OWNERS ALLIANCE, INC.,<br><br>                              Defendants. | Case No: 5:11-CV-603<br><br><br><br><br><br><br><br>*Judge Vicki Miles-Lagrange* |

**JOINT STATUS REPORT**

Date of Conference:           Tuesday, August 30, 2011

Appearing for Plaintiff:       Steven S. Mansell
                               **MANSELL ENGEL & COLE**

Appearing for Defendant:   Commercial Industrial Building Owners Alliance,
                               Inc. d/b/a CIBA Insurance Services

                               Michael S. McMillin and J. Mark McAlester
                               **FENTON FENTON SMITH RENEAU & MOON**

Appearing for Defendant:   Lexington Insurance Company:
                               Rodney L. Cook and Bryan E. Stanton
                               **JENNINGS COOK & TEAGUE**

**Jury Trial Demanded ☒  -  Non-Jury Trial ☐**

1.  **BRIEF PRELIMINARY STATEMENT.** State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    Plaintiff:   This is an insurance bad faith case arising out of a commercial property insurance policy. Plaintiff alleges their property was damaged by a wind and hail storm. Plaintiff contends Defendants unreasonably refused to promptly pay for the damage.

Defendant: Commercial Industrial Building Owners Alliance, Inc. d/b/a CIBA Insurance Services denies Plaintiff's claim. The Plaintiff's property damage claim was adjusted and it was determined that the majority of damage to the roof of the apartment complex owned by Plaintiff was pre-existing. The damage from the storm which occurred during the term of the Lexington insurance policy did not exceed the $25,000.00 deductible and therefore no payment was due.

Defendant: Lexington Insurance Company ("Lexington") denies that it breached the insurance contract and denies acting in bad faith. The majority of the damage to the roof of the apartment complex owned by Plaintiff was pre-existing. The damage from the storm which occurred during the term of Lexington Policy number 019946496 (the "Lexington Policy") did not exceed the Policy's $1,000,000 Per Occurrence Deductible or the Policy's $25,000.00 Wind and/or Hail maintenance deductible. Furthermore, CIBA's Annual Aggregate Retention/Loss Fund for the relevant policy term has not been exhausted.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

The amount in controversy exceeds $75,000 exclusive of interest and costs and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   1. Plaintiff is a resident and citizen of the State of Oklahoma.

   2. Defendant Commercial Industrial Building Owners Alliance, Inc., d/b/a CIBA Insurance Services is a foreign corporation incorporated in California which maintains its principal place of business in California.

   3. Defendant Lexington Insurance Company is incorporated under the laws of Delaware, with its principal place of business in Boston, Massachusetts. Lexington Insurance Company does business in Oklahoma as a surplus lines insurer pursuant to Oklahoma insurance statutes.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a.  <u>Plaintiff</u>:

      1.  Plaintiff was covered under an insurance policy issued by Commercial Industrial Building Owners Alliance, Inc., d/b/a CIBA Insurance Services and Lexington Insurance Company.

      2.  At all times material hereto, this policy was in full force and effect and Plaintiff was current with its premium payments.

      3.  During the term that this policy was in full force and effect, Plaintiff incurred medical expenses.

      4.  Plaintiff made claims for the policy benefits and met all conditions precedent for payment of the policy benefits, but Defendant wrongfully denied, delayed and underpaid policy benefits.

      5.  In its handling of Plaintiff's claims, and as a matter of routine business practice in handling like claims under these policies, the Defendant breached the contract and duty to deal fairly and act in good faith towards the Plaintiff by:

         a.  failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that they were entitled to those benefits;

         b.  failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

         c.  withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

         d.  refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or law;

         e.  refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

    f.    refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

    g.    failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

    h.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

    i.    forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

    j.    failing to properly evaluate any investigation that was performed; and

    k.    attempting to shift the burden of investigation to Plaintiff;

all in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to the Defendant.

6. As a proximate result of the Defendant's breach of contract and the implied covenant of good faith and fair dealing, Plaintiff suffered the loss of the policy coverage.

7. Defendant has acted intentionally and with malice toward Plaintiff and others and have been guilty of reckless disregard for the rights of Plaintiff and others entitling Plaintiff to punitive damages.

b. <u>Defendant</u>: Commercial Industrial Building Owners Alliance, Inc. d/b/a CIBA Insurance Services

1. Commerical Industrial Building Owners Alliance, Inc. d/b/a CIBA Insurance Services ("CIBA") is in the business of servicing commercial and residential real estate owners and managers. CIBA is a licensed surplus lines insurance broker and operates a program that utilizes various insurance

        companies to provide its members with property insurance coverage.

2. CIBA is not an insurance company and cannot be held liable to the Plaintiff for breach of contract or bad faith.

3. CIBA is listed as the named insured in the insurance policy issued by Defendant, Lexington Insurance Company.

4. The Defendant named as CIBA Insurance Services is an improper party defendant since CIBA Insurance Services is merely a trade name used by Commercial Industrial Building Owners Alliance, Inc. CIBA Insurance Services is not a separate legal entity.

5. At all times Defendants acted fairly and in good faith in the handling of plaintiff's claim.

6. There is a legitimate dispute as to the extent, amount and cause of Plaintiff's damages and Defendants have a justifiable reason for non-payment of the Plaintiff's claim.

7. Plaintiff has failed to comply with all conditions precedent to any recovery that might be permitted under the policy of insurance.

8. The alleged damages to Plaintiff's property occurred prior to the effective date of the Lexington insurance policy, thereby precluding any recovery for such damages.

9. Plaintiff's claims are barred pursuant to the terms, conditions, exclusions, endorsements and other provisions in the Lexington insurance policy.

10. The amount of the damages to Plaintiff's property from the May 16, 2010 storm was less than the Plaintiff's $25,000.00 deductible, thereby precluding any recovery by Plaintiff.

11. Plaintiff's claims are barred and/or limited to the extent that Plaintiff failed to mitigate its damages or failed to comply with the terms and conditions of the insurance policy.

  12. Plaintiff's claim for punitive damages violates the Oklahoma and United States consitutions.

c. <u>Defendant</u>: Lexington Insurance Company

  1. This action is barred, in whole or in part, because the First Amended Petition fails to state a claim upon which relief may be granted.

  2. Lexington's liability, if any, is derived solely from the policy of insurance issued by Lexington. Plaintiff's claims are barred, in whole or in part, by the terms, conditions, provisions, exclusions, and limitations of the Lexington Policy, which are pled as if copied herein.

  3. Lexington's liability, if any, attaches only after the exhaustion of CIBA's $1,000,000 Per Occurrence Deductible and its Annual Aggregate Retention/Loss Fund. Furthermore, Plaintiff's damages, if any, are subject to proper allocation and must be offset by the applicable policy deductible and any sub-limits of liability, as well as by payments received from any other insurance policies, other insured, self-insured, and/or uninsured party, non-party, person or entity, as well as any payments made under this policy.

  4. Lexington is not liable for breach of the implied covenant of good faith and fair dealing, punitive damages, attorney's fees, or costs.

  5. To the extent that the loss or damage alleged by Plaintiff did not arise out of the wind and hail storm that allegedly struck the subject property on or about May 16, 2010, said loss or damage is not covered under the Lexington Policy as part of the wind/hail occurrence claimed by Plaintiff.

  6. To the extent that the loss or damage alleged by Plaintiff did not occur within the effective period of the Lexington Policy, the loss or damage is not covered under the Lexington Policy.

  7. The Lexington Policy does not provide any coverage for Plaintiff's alleged loss as Plaintiff cannot meet its burden to establish that a fortuitous loss in excess of Plaintiff's $25,000 Wind and/or Hail Deductible was sustained within the effective

       period of the Lexington Policy and within the terms and conditions of the Lexington Policy.

8. To the extent that Plaintiff is making a claim for the replacement cost of the allegedly damaged property, Paragraph 10. of the Lexington Policy titled "VALUATION" may limit or preclude that claim.

9. To the extent that the loss or damage alleged by Plaintiff was the result of the excluded perils listed in Paragraph 8.b.(1) and/or 8.b.(5), the loss or damage is not covered under the Lexington Policy.

10. Plaintiff's claims are barred as Lexington failed to receive a timely notification of this claim and Plaintiff did not comply with all of the terms and conditions of the Lexington Policy.

11. To the extent Plaintiff failed to mitigate, minimize or avoid its alleged loss, any claims for a recovery under the Lexington Policy may be limited or barred.

12. To the extent that Plaintiffs have any other or contributing insurance for the loss or damage, whether directly or indirectly insuring the same property against the same loss or damage, Lexington's Policy shall be excess of the amount recoverable from such other or contributing insurance.

13. Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have already been compensated for their alleged loss.

14. There is a legitimate basis for a reasonable dispute between Plaintiff and Lexington with respect to claims submitted by Plaintiff. At all times, Lexington acted fairly and in good faith in the handling of Plaintiff's claim.

15. Plaintiff's demand for punitive damages is unconstitutional violating due process and equal protection, relies on a vague and arbitrary standard under Oklahoma law, and is contrary to the guarantees owed to Defendant Lexington under the United States and Oklahoma Constitutions.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

   ☐ Yes    ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   Plaintiff:    None at this time.

   Defendants: Defendants may file motions for summary judgment.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☒ Yes   ☐ No
   If "no," by what date will they be made?

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on August 17, 2011.

   B. The parties anticipate that discovery should be completed within 6 months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  180 days.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, as required by Fed. R. Civ. P. 26(f)(3)?

      ☒ Yes    ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Fed. R. Civ. P. 26(f)(4)?

      ☒ Yes    ☐ No

      To the extent the parties have made any agreements pursuant to Fed.R.Civ.P. 26(f)(3)(D) and Fed.R.Civ.P. 502(e) regarding

procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same. <u>Not applicable</u>.

F.  Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9.  **ESTIMATED TRIAL TIME**:   <u>3 to 4</u> days

10. **BIFURCATION REQUESTED**:   ☒ Yes   ☐ No
    (by Defendants, Plaintiff objects)

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☒ Fair   ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.  Compliance with LCvR 16.3(c) - ADR discussion: ☒ Yes   ☐ No

    B.  The parties request that this case be referred to the following ADR process:

        ☐ Mediation
        ☐ Judicial Settlement Conference
        ☒ Other  **The parties request permission to schedule appropriate settlement process when it appears most productive in the litigation after depositions of key witnesses.**
        ☒ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes   ☒ No

14. Type of Scheduling Order Requested. ☒ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 23rd day of August, 2011.

                                              s/Steven S. Mansell
                                              Steven S. Mansell, OBA #10584
                                              Mark A. Engel, OBA #10796

Kenneth G. Cole, OBA #11792
**MANSELL ENGEL & COLE**
101 Park Avenue, Suite 665
Oklahoma City, OK 73102
Telephone: (405) 232-4100
Facsimile: (405) 232-4140
Email:  mansell-engel@coxinet.net

ATTORNEYS FOR PLAINTIFF

s/Michael S. McMillin
(*Signed by Filing Attorney with permission of Defendant Attorney*)
Michael S. McMillin, OBA#12404
J. Mark McAlester, OBA#18104
FENTON FENTON SMITH RENEAU & MOON
211 N. Robinson, Suite 800N
Oklahoma City, OK 73102
Telephone:  (405) 235-4671
Facsimile: (405) 235-5247
Email: msmcmillin@fentonlaw.com

ATTORNEYS FOR DEFENDANT –
   COMMERCIAL INDUSTRIAL BUILDING
   OWNERS ALLIANCE, INC.

s/Rodney L. Cook
(*Signed by Filing Attorney with permission of Defendant Attorney*)
Rodney L. Cook, OBA#10253
Bryan E. Stanton, OBA#21238
JENNINGS COOK & TEAGUE
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102
Telephone: (405) 609-6000
Facsimile: (405) 609-6501
Email:  rlc@jctokc.com
Email:  bes@jctokc.com

ATTORNEYS FOR DEFENDANT -
   LEXINGTON INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

      This is to certify that on August 23, 2011, the above and foregoing document was transmitted to the Clerk for the United States District Court for the Western District of Oklahoma using the ECF System for filing and transmittal to the following ECF registrants:

Michael S. McMillin (via Email: msmcmillin@fentonlaw.com)
Rodney L. Cook (via Email: rlc@jctokc.com)

                                                  s/Steven S. Mansell